Our next case is Janie Hughes v. Secretary of Veterans Affairs, 2024-2080. Ms. Clements, good morning. Thank you. Good morning, Your Honors, and may it please the Court. This case comes before you today on a very narrow but very critical issue at the Veterans Court, which is the proper standard of review under which the Veterans Court reviews the reasons and bases, the explanation for the denial that the Board of Veterans Appeals gave. It's something that, oddly, has never been directly addressed by either this Court or the Court of Appeals for Veterans Claims that I have found in the words, the standard of review for reviewing reasons or bases is. However, the Court of Appeals for Veterans Claims from the beginning has been reviewing it de novo. It isn't a question of the adequacy of the Board's statements, a facts question, application of law to fact, beyond us? It is not, Your Honor, and that is because what we're doing here is we're actually not asking anything about the specific facts involved in this case or the adequacy of the Board's statement or reasons or bases. All we're talking about here is the standard of review that the Court applied when reviewing those reasons or bases. And the Court specifically said reviewing for an error in the reasons or bases is under clear error, not de novo. Clear error is for factual findings, which they had also said earlier in the decision. However, reasons or bases cannot be clear error. Reasons or bases is laid out in 7104d1. The idea is that it's the first accountability check for the Board from the Court. The Court can't look at factual findings or legal findings unless it's sure it understands what the Board did in the first place. So the threshold thing that the Court needs to do is to review the statement of reasons or bases and decide for itself whether it makes sense to it or not. It's not something that the reason or reasons or bases are the facts that it relied on to reach its conclusion. Isn't that entirely a factual matter? I mean, that's what you were arguing below. I mean, you were making factual arguments about the record and what inferences should come from the record and what the record indicated, right? Well, I mean, that was one way to view it, and that was how the Court viewed it. Some of our legal questions that we, you know, phrased as legal questions that the Court saw more as factual findings. But the reasons or bases, factual findings are part of the reasons or bases, but the reasons or bases is the reasoning, it's the logic. Kagan, if we're in the record, did you argue to the Veterans Court that the Board's decision didn't include sufficient detail and explanation, which I think would be what you're saying is your legal argument now? It's actually not, and I apologize that I haven't been clear enough. I'm not trying to argue here that the Board's statement of reasons or bases in this case was or was not adequate. That is not something for this Court to decide. All I am saying here is that it matters what statement or what standard of review is used, and that the Court here doesn't. But doesn't the standard of review, even under your theory, depend on what the question is? I mean, it does. Okay. So what are you saying the question is where we apply a de novo standard? The question is, do I understand, as the Court, what the Board did here? Do I understand fully? Do I am I really able to get to these factual findings and legal findings through the explanation that the Board gave? That's the argument you made, that there was insufficiency, insufficient specifics in the Board's decision for you to understand what it was saying? Yes. That was we started with legal arguments. The Board shouldn't have done this, the Board shouldn't have done that, and then we went to the insufficiency of the reasons or bases. Which basically said, really, the reason we brought all these different legal theories is because we can't tell what the Board did here. There were facts that the Board was spewing that we just couldn't figure out where they came from, whether they were extra record, what they were. So our argument towards the end of our original CAVC brief is about why these reasons or bases are inadequate. So the Court brought that up. The Court looked at, first of all, our legal arguments, decided they were more like factual arguments. That's not really on the table here today. The concern is that then when they turned to the reasons or bases, they said, okay, well, these we review for clear error. And then they clearly did so. In the section on adequate statement of reasons or bases, they said there's a plausible basis in the record for what the Board did, but that's clear error. And they said, Mississippi has not shown that the Board clearly erred. And that's clear error. And the thing is that at the Court of Appeals for Veterans Claims, something like, well, actually, I know exactly, 83 percent of cases are remanded, one way or another, usually for reasons or bases errors. But at the same time, only a couple of dozen cases every year are reversed for clear error. So it makes a huge difference at this Court whether you're reviewing something for clear error or you're reviewing something de novo or without deference. And so what's your best case of ours where we called the reasons and bases for de novo review of the reasons or bases? What is what I'm looking for here from you all? What I would love from this Court would be the case of the reasons or bases. No, not what you're looking for. I'm sorry. What we've done in the past that would support your theory here. Well, it's interesting, because you have definitely talked about reasons or bases in a general sense in the importance of the role that it plays at the Veterans Court, Thomas v. McDonough, Sickles v. Shinseki, DeLoach v. Principi, basically talking about how important reasons or bases are and how it's the Court's job to make sure that the Board does it, not specifically laying out what the standard of review for that would be, but that it's a statutory obligation for the Board to provide an adequate statement of reasons or bases, and so it's appropriate for the Court to make whatever decision regarding whether it thinks it fully understands what the Board was getting at before it could even get to factual findings or legal findings. Are you arguing for de novo review? Is that what you're? Yes. What we would love from this Court is a clear statement that when the Court of Appeals for Veterans Claims reviews the adequacy of a statement of reasons or bases by the Board of Veterans Appeals to see whether it comports with the statutory responsibilities laid out in 38 U.S.C. 7104d.1, that it does so de novo, it does so without deference. Because the Court is the first person to make this. This is like harmless error. It's not something that the Board looked at, necessarily. It's something that it's the Court's job to look at. There's nothing necessarily for them to give deference to in terms of is this statement adequate. Instead, it's the first thing that the Court does in terms of I need to make sure that this makes sense to me. And we believe that not only does it just make sense that that would be de novo, but we also believe that 7261 basically compels that. And oddly, the Court, the Veterans Court, quoted or cited to 7261a-4 when saying that the review of reasons or bases is for clear error, but all that's all that a-4 says is a finding of material fact. Hold unlawful, set aside if the finding is clearly erroneous. We think that reasons or bases is more, is better encapsulated in a-1, which says First, it says decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions. But then it goes on to say, and determine the meaning or applicability of the terms of an action of the Secretary. So we think that, first of all, it is a relevant question of law because statutory compliance with 7104d-1 is a question of law. However, we also think that this determine the meaning or applicability of the terms of an action of the Secretary is part of the Court's job that they need to just look at de novo, rather than deferring to the Board presumably would think that its explanation was adequate. So if it did, and the Court deferred to it each time. Well, the problem I'm seeing is that adequacy can mean two different things in this context, and the government kind of says there's this first step where was the Board's decision to include sufficient detail and explanation, and that's a version of whether it was adequate. But then there's yet another adequacy which goes to was there do the evidence support what the Board concluded with respect to the factual record. So I think we're mushing up the two because I mean, reasons and bases. Sometimes historically the Board has said nothing, and so it's been remanded by us or it's been remanded from the CABC. Sometimes they said a little, but clearly not enough to discern the path which they used to get to where they got. That's the first thing about sufficient detail and explanation. Here, as I read the record, there's a lot of detail and explanation, and you're saying it's inadequate to support the conclusion they reached, and that's a different question. That's the second part of the test that the government articulates. I actually disagree, and I'll explain why. With the two-part process, we don't really consider that a two-part process of reviewing the reasons or bases. The first part that the Secretary described is reviewing the adequacy of the statement of reasons or bases. Do I understand what's going on here? The second part where they say is this, you know, adequately supported by the record, that's just reviewing the facts, reviewing the findings of fact and the findings of law for clear error. It's not part of the reasons or bases. It's the next step in the adjudication process. What has – it does sound confusing because there is a lot of detail in that board decision. Looking at a lot of these decisions below, what we're really missing here is some logical bridges and some source material for some of the most important findings that the board made. So what we were looking at is that ultimately, even if the board put many, many, many words on many, many pages, there were certain things that were not explained sufficiently. Either way, in this case, we don't have to decide at this court whether the board adequately provided a statement of reasons or bases or not. We just think it would be very important for the CABC to have guidance from this court saying, by the way, when you're doing this, this is not for clear error. This thing later, when you're reviewing the findings of fact and the findings of law, that's clear error. But when you first just try to decide what the board is saying and whether it makes sense to you, that needs to just be de novo because that's your job and that's what you do first. Is that what you were saying when you were arguing before the Veterans Court, that we have no idea what the board was saying, that we don't understand the basis upon which the board reached its conclusion? We were more specific than that. That it's not – You were challenging the inferences and their factual conclusions. It was all about the facts, right? I always think that some of the inferences were not and that some of the factual findings came from nowhere, and we were concerned about the board's – where the board is allowed to get facts from and where the board is allowed to – there's a lot of TDIU, total disability due to individual unemployability case law, specifically about how the reasons or bases are not supposed to be just speculation. They're not supposed to be envisioning a job. They're not supposed to be conjecture. They're supposed to be explanation and the most important logical bridges need to be done. And so this is a fairly common argument that we say, look, like, I guess we kind of get what the board is getting at, but we think that some parts of it are still left unexplained. Mrs. Hughes didn't understand where some of this information came from, from where the board started. The board started by saying, these are the facts, and then got somewhere, you know, that she didn't understand how they got there. So that was the problem with the reasons or bases. What, she didn't understand their factual – their findings, or she didn't understand their conclusions based on those facts? She understood that the conclusion was a denial. That part of it was clear. She didn't understand why the board made particularly legal – important legal findings about her late husband's ability to be employed, et cetera. Given the evidence, how did that lead them to this conclusion? And so that was her concern below. And so that's what we brought to the Court, and then were very surprised to see that the Court said that they would review that for clear error because that had just never been even in question, really, because it wasn't – there's nothing to defer to. And if – So if we say de novo review, then what? Can we – can we decide it, or it needs to be remanded? What's your view on that? I think at that point, it needs to be remanded, because then it's an application of the correct standard of review to whether the reasons or bases are adequate, which is a mixed-law fact question that this Court has said it doesn't do that part, which is fair, because there's a lot of facts involved in it. So what would be great here would be just to say, look, this is how this is done. It's your job to look at this directly. It also says under 7261A1 that you just do this. You're not going to be deferring to the Board on whether the Board made sense. You just decide for yourselves. De novo. I want to understand what you're saying. So you're saying that the explanation – I think what you – one of the things you said, that the explanation that there's other jobs available that he could do is not sufficiently substantiated? Is that – that's what I'm saying? That was part of our argument below, yes. So just trying to think ahead, if – is it your view that on de novo review, there has to be an analysis of how they came to the idea that there were other jobs available? We believe that – I'm apologizing to the Social Security. Right. Right. No, we believe that under de novo review, there's at least a pretty good chance that it would look different, especially because there's such a gulf between the Court's decisions on reasons or bases adequacy versus the Court's decisions on clear error. I can't say here today exactly what the Court would have done differently, because starting from the wrong standard of review just reshapes the entire way that you look at the entire case before you. But at the same time, I'm in my rebuttal time. You are not in your rebuttal time. You have used your rebuttal time. I did that again? I did that last time I was here. We will give you two minutes rebuttal. Thank you. I'm so sorry, Your Honors. Thanks. All right. Please have a seat. Good morning, Your Honors, and may it please the Court. I want to start first addressing Judge Prost's question about what exactly was argued below. So Mrs. Hughes, before the Veterans Court, made four arguments. These are, you can see these in the table of contents for her brief on page 116, and it's also summarized in the Veterans Court decision on page 11. But the arguments were that the decision was based on mere speculation, that it relied on newly developed facts, that the Board took notice of extra record facts, and that the opinion or the decision was derived from the Board providing its own expert opinion. None of those arguments are about the adequacy, that is, whether there was sufficient detail in the Board's decision. All of those arguments are about the substance. So the Board had a very lengthy 10, 11-page explanation of why it made the determination that it did, that Mr. Hughes was not entitled to TDIU earlier. These arguments are based on the contents, you know, whether they relied on the wrong facts, extra facts. That goes to the substance, and I did not hear any dispute from my friend on the other side that the substance can be either clear error if we're looking at facts, or de novo if we're talking about a legal error. But that's an entirely different question than the adequacy of the reasons or bases, which is basically whether those reasons are sufficiently clear and detailed for a claimant to make an informed decision, either as to whether to seek judicial review and for that later judicial review for the court to have enough information in front of it to determine whether there was any error in the Board's decision. We actually don't dispute that that part, when we're talking about adequacy in terms of whether there's sufficient information in the decision to understand it, we don't dispute that that should be something like a de novo review. Our dispute here is that that question is not raised by this case, because in this case, the Veterans Court saw the arguments that Ms. Hughes raised as not going to the adequacy, but rather going to the substance, the facts, perhaps the application of a lot of facts, and it treated it as such. So the standard of review for the adequacy of reasons or bases never came up here. The problem seems to me that this word adequacy is kind of fluid. And so when you use adequacy, it opens up the – without further explanation, it opens up the door, because any challenge, a regular challenge to the facts or to the application of a lot of facts could also be termed by someone to be the decision was inadequate, the analysis was inadequate, because they disagree with the conclusion. Am I right on about that? I understand what you're saying. It's a tricky word to try to use, especially here when we have two parts. The statute itself doesn't use that language. 7104D says each decision of the board shall include a written statement of the board's findings and conclusions, and the reasons or bases for those findings and conclusions on all material issues of fact and law presented on the record. So it doesn't use that word. That's a judicially derived word. The cleanest case is if the board just said nothing about it. Right. That's the cleaner case where you've got to remand because they've got clearly – and that's de novo. That would be de novo. If we're looking at it and we're saying, was there any reason or basis given? The harder case is a little more than that, the so-called inadequacy. Like they said three sentences, but it really didn't deal with it. I'm having a hard time with that second class, where they said something, but we say under a de novo review that this wasn't adequate. Right. So that is on the Veterans Court to determine in that first step. It's just about if there's enough information, period, to determine what they said, as opposed to the substantive content of what they said. So in your situation, three sentences might be enough, if three sentences is all that's required to explain a fairly simplistic concept in a way that someone could understand why the board decided what it did and could decide whether to seek judicial review. In other instances, on a more complicated concept, it might take longer. I mean, either way, in this case, there was, as I said, an incredibly lengthy discussion by the board on why it determined that TDIU was not warranted. So you would have us dismiss? Yes. Because this issue wasn't raised, we would have this court dismiss for lack of jurisdiction, given that there's no interpretation of law at issue here. Mrs. Hughes admits in her reply brief that she's not raising any of these other questions that are outside the court's jurisdiction, such as whether the reasons or bases themselves were adequate, those kind of questions. So there's really no question here within this court's jurisdiction. In other words, it's a challenge. Anything we're reviewing here under the argument she made involved a question of fact or a question of fact. Yes, Your Honor. Is it helpful to say the review would be de novo if the issue were raised here? Well, that, Your Honor, would amount to an advisory opinion. Because if the issue is not raised, if it's not relevant to the decision below, then there's no reason for this court to oppose it. Have we ever said that in any of our opinions? Said what specifically? We review the question of whether or not there was adequate reasons and basis de novo. Not that I'm aware of, Your Honor. Because you're acknowledging that's the right standard. And she's saying that the problem is that there's no standard. She's making the argument, it's not so much an advisory opinion, as it is a recognition that it would be de novo review. But we're finding on the facts of this case that we don't reach that. You think that's purely advisory opinion? Right, because it's not reached on this case. It's not an issue where the Veterans Court conducted that review or really applied any standard. Now, I mean, we will say that fundamentally, the Veterans Court at least needs to think about whether there was adequacy before they go on and actually review the substance for clear error or other errors of law. So it's kind of fundamental. There's nothing requiring the Veterans Court to write out in detail. We have applied X standard. We have determined that the reasons are basis are adequate in the sense to understanding of what happened and to then go on and analyze the factual and legal determinations. If there's no question about that first step of adequacy, the Veterans Court doesn't really need to go into detail on that. Because I think I can make an argument that those four things that you listed out, that they do implicate issues of insufficient reasons and reasons for the decision. Well, they're saying, again, this sort of sufficiency, adequacy gets a little bit mixed up. You know, the reasons that I listed, those four reasons are about the facts and whether the facts that the board reviewed support its determination and also whether it improperly looked at facts that it shouldn't have looked at. And to me, that's all factual determination or perhaps an application of the law to the facts. But it's not really about, was this enough in here to understand what was going on? It's saying, we understood what was going on, but we think that it was based on information that the court should have considered, such as extra record facts, providing its own expert opinion, you know, speculating about what jobs were out there as opposed to looking to what jobs were out there. I mean, all of that is kind of about not whether there was enough information in the board's decision, but whether the board's ultimate conclusion was correct because the argument is that it was based on all these incorrect things that it shouldn't have been looking at. Anything further? Nothing, Your Honor. Thank you. Thank you. Ms. Clements has two minutes. Thank you so much for those two minutes, Your Honor. Okay. So the Secretary agrees that when you're reviewing the adequacy of reasons or bases, when the court is reviewing, the Veterans Court is reviewing the adequacy of reasons or bases, they should do so de novo. This decision would not be an advisory opinion because actually, unusually here, the court was incredibly clear about what standard of review it was going to apply to reasons or bases. They said, furthermore, the review for an error in the board's statement of reasons or bases is that of clear error and not a de novo review. And then in its section, it had a whole section on adequacy of reasons or bases, and the reason why it had that section is because we absolutely did argue that below. We argued the legal questions first. We argued a number of different ones because, again, we didn't know what the board had done. And so we kind of wanted to respond to a number of different possibilities because it wasn't clear to us what the board had done, which was why we also had the reasons or bases argument there at the end, which is why the court then addressed it. And in addressing it ---- If their standard is, as you just said, clear error, doesn't that tell us that it's fact, and therefore when it comes to us, it's application of law to fact? I think that that's sort of putting the cart before the horse. I think that if we were to have ---- if we had a situation here where the court was supposed to be using clear error, then that's absolutely true. But if the court just looked at something under clear error that was not supposed to be looked at under clear error, then that in itself is the ---- is a legal error. And so that is what brings it before this Court rather than ---- rather than being too fact-heavy. Because, again, the facts here really don't matter. This is a decision ---- I mean, it will, obviously, back below again. But this is a situation where the court several times said we didn't show clear error in the reasons or bases, that we showed a plausible basis in her discussion of reasons or bases. You just said the facts don't matter. Ultimately, this is a case about a fact, whether this person was capable of gainful employment. That is true. That is true. That is not for this Court to decide. And in many ways, it's not even the CABC's decision to decide if they don't have enough information to do that. That was on the board. And it may seem strange that we bring these reasons or bases arguments when there's a lot of discussion. But if we feel like there's logical bridges that have not been connected, we argue reasons or bases. And the Court often agrees with us because the board will say something, but it's still not totally clear how that happened. And I apologize. I'm out of time again. Thank you, counsel. The case is submitted. Thank you.